# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARK S. ETZEL, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | No. 14-1314-JWL |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding at most harmless error in the Administrative Law Judge's (ALJ) evaluation of the opinions of the medical sources, including the opinion of an "other" medical source, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision in this case.

**I.      Background**

Plaintiff applied for DIB and SSI benefits, alleging disability beginning August 15, 2008. (R. 28, 253, 255). He exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. Plaintiff alleges substantial evidence does not support the Administrative Law Judge's (ALJ) residual functional capacity (RFC) assessment because he credited medical source opinions that Plaintiff had certain mental limitations, but did not include those limitations in the RFC assessed.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the

determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one

through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds at most harmless error in the ALJ's evaluation of the opinions of "claimant's counselor," ARNP Smith. and of the state agency non-examining psychologist, Dr. Cohen. (R. 38) (citing Ex. 35F). Consequently, it affirms the decision below.

## II.     The ALJ's RFC Assessment Is Supported by His Evaluation of the Opinions of Dr. Cohen and ARNP Smith

Plaintiff points out that in applying the Commissioner's psychiatric review technique at step three of the sequential evaluation process, the ALJ found that Plaintiff had moderate difficulties in the areas of social functioning and of concentration, persistence, or pace. (Pl. Br. 14).[1] He points out that the State agency psychologist, Dr. Cohen, opined that Plaintiff could perform simple work away from the public, and that Ms. Smith opined that Plaintiff had "moderate" limitations in the ability to respond appropriately to work pressures in a usual work setting and to respond appropriately to

---

[1] Plaintiff's Brief cites (R. 31) as the source of these findings, but the court notes that the findings are actually recorded at (R. 32).

changes in a routine work setting. (Pl. Br. 15). He argues that there is no other opinion contradictory to these opinions, and asserts that the ALJ accorded "significant weight" to both of these opinions. Id. Plaintiff acknowledges that the ALJ's hypothetical question to the vocational expert (VE) limited Plaintiff to jobs that require "only occasional cooperation and interaction with the general public," and hypothesized that Plaintiff retained the ability to "adapt to changes in the workplace on a basic level." Id. at 16 (quoting R. 82).

Plaintiff argues that the ability to adapt to changes in the workplace on a basic level is contradicted by Ms. Smith's opinion that Plaintiff is moderately limited in the ability to respond appropriately to changes in a routine work setting and to respond appropriately to normal work pressures. He argues that the ALJ purported to accord "significant weight" to Ms. Smith's opinion, that he did not propose hypothetical questions containing the limitations opined by Ms. Smith, and that this is error requiring remand because the hypothetical question to the VE did not include all of the limitations assessed by the ALJ.

The Commissioner argues that the ALJ properly considered the medical source opinions in assessing Plaintiff's RFC. She argues that the ALJ's decision "can be supported by objective medical evidence" (Comm'r Br. 4), and cites to record evidence supporting a finding that Plaintiff can perform work. Id. at 5. She argues that both Dr. Cohen's opinion and Ms. Smith's opinion that "Plaintiff had only slight limitations in

understanding, remembering, and carrying out short, simple instructions and making judgments on simple work-related decisions" support the decision.  (Comm'r Br. 7).

With regard to the remainder of Ms. Smith's opinion, the Commissioner points out that Ms. Smith is not an "acceptable medical source," and that her opinion cannot be considered a "medical opinion" or a "treating source opinion." Id. at 9.  She argues that Ms. Smith's opinion (that Plaintiff was moderately limited in the abilities to adapt to work setting pressures and changes) is not better supported by the record evidence or more consistent with the evidence as a whole and is contradicted by Dr. Cohen's failure to find such limitations.  Id.  Finally, she argues that Ms. Smith's written opinion demonstrates that "moderate limitations affect but do not preclude functioning in a given area, and . . . still allow the ability to function satisfactorily." Id. at 11 (citing R. 970).

### A. The ALJ's Findings

As Plaintiff suggests, the ALJ found that Plaintiff has "moderate difficulties" in the mental functional areas of maintaining social functioning and of maintaining concentration, persistence, or pace.  (R. 32).  He also found that "[s]econdary to reported chronic pain, potential side effects of medication, and mental disorders, the claimant is limited to jobs that do not demand attention to details, or the performance of complicated job tasks or instructions."  (R. 33).  The ALJ discussed his evaluation of the opinions of both Ms. Smith and Dr. Cohen:

> On January 3, 2012, the claimant's counselor opined that the claimant has slight to moderate limitations to his ability to do work related activities (Exhibit 35F) [(Ms. Smith's Medical Source Statement)].  Though the

> claimant's counselor is not a doctor, the undersigned gives this opinion significant weight, due to her longitudinal treatment relationship with the claimant.
> On January 30, 2012, Lauren Cohen, Ph.D., of Disability Determination Services opined that the claimant may have lapses in attention and concentration from pain or effects of pain medications, but he is able to complete simple tasks.  Dr. Cohen also opined that the claimant may have difficulty working with the public (Exhibits 7A; 8A; 38F).

(R. 38).  Moreover, as Plaintiff acknowledges in his brief, the ALJ's hypothetical question to the VE included that Plaintiff "would be limited to jobs that require only occasional cooperation and interaction with the general public," and that Plaintiff "retains an ability to . . . adapt to changes in the workplace on a basic level."  (R. 82).

**B.     Analysis**

Given the facts and findings noted above and acknowledged by the parties, the court finds no error in the ALJ's decision.  With regard to Dr. Cohen's opinion, Plaintiff admits, as the ALJ found, that Dr. Cohen opined that although Plaintiff may have lapses in attention and concentration, he is able to complete simple tasks, and he may have difficulty working with the public.  (R. 38).  Plaintiff asserts that the ALJ accorded Dr. Cohen's opinion "significant weight."  (Pl. Br. 15).  Contrary to Plaintiff's assertion, the decision does not reveal the specific weight accorded to Dr. Cohen's opinion.  However, Plaintiff does not allege error in this fact, and as Plaintiff acknowledges, consistent with Dr. Cohen's opinion that Plaintiff is able to complete simple tasks, the ALJ found that Plaintiff cannot perform complicated job tasks or instructions.  (R. 33).  Moreover, Plaintiff also acknowledges (consistent with Dr. Cohen's opinion that Plaintiff may have

7

difficulty working with the public) that the ALJ included in his hypothetical question to the VE that Plaintiff is "limited to jobs that require only occasional cooperation and interaction with the general public." (R. 82). Thus, the representative jobs the VE testified were available to a hypothetical individual with the RFC, age, education, and work experience of Plaintiff, and upon which the ALJ relied in finding that work is available to Plaintiff, was based upon RFC limitations opined by Dr. Cohen. Therefore, any error in failing to specify in the decision the weight accorded to Dr. Cohen's opinion, or in failing to specify in the decision that Plaintiff can perform jobs requiring only occasional cooperation and interaction with the general public was harmless because Plaintiff can show no prejudice to himself flowing from the alleged errors in that Dr. Cohen's opinion was accepted, and her limitations were included in the hypothetical.

A similar analysis applies to the opinions of Ms. Smith. And, the ALJ specifically stated that he gave "significant weight" to Ms. Smith's opinion. (R. 38). Plaintiff acknowledges that the ALJ's hypothetical question included that Plaintiff has the ability to "adapt to changes in the workplace on a basic level." (R. 82). But, Plaintiff argues that this ability is contradicted by Ms. Smith's opinions that Plaintiff is moderately limited in the abilities to respond appropriately to work pressure in a usual work setting, and to respond appropriately to changes in a routine work setting. The court does not find the contradiction alleged by Plaintiff. As the Commissioner's argument suggests, Ms. Smith's Medical Source Statement defines the rating term "Moderate" as used in that form: "There is moderate limitation in this area but the individual is still able to function

satisfactorily." (R. 970). Therefore, in context Ms. Smith opined that although limited, Plaintiff was able to function satisfactorily in his response to work pressure in a usual work setting and in his response to changes in a routine work setting. This understanding does not contradict the ALJ's finding that Plaintiff is able to adapt to workplace changes <u>on a basic level</u> as he stated to the VE, and is consistent with the ALJ's statement that he had accorded "significant weight" to Ms. Smith's opinion. To the extent the ALJ did not specifically state this ability in his RFC assessment in the decision, any error in that regard is harmless because it was included in the hypothetical, the representative jobs relied upon include this ability, and Plaintiff can show no prejudice to himself flowing from the alleged error.

Although it would clearly have been preferable for the ALJ to have stated in his decision the specific limitations he found in this regard, Plaintiff was not prejudiced thereby.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated this <u>16th</u> day of July 2015, at Kansas City, Kansas.

                                                                s:/ John W. Lungstrum
                                                                **John W. Lungstrum**
                                                                **United States District Judge**